# UNITED STATES BANKRUPTCY COURT
## for the
## DISTRICT OF MASSACHUSETTS

===========================================

In Re:

      THE GROUND ROUND, INC., *et al.*,

                    Debtors

Chapter 11
No. 04-11235-WCH

Jointly Administered[1]

===========================================

## MEMORANDUM OF DECISION ON MOTION OF LIQUIDATING AGENT FOR ENTRY OF AN ORDER ENFORCING INJUNCTION AGAINST COMMENCEMENT OF ACTIONS BY TAXING AUTHORITIES AGAINST RELEASED PARTIES

## I. Introduction

The matter before the Court is the motion of Craig Jalbert ("Jalbert"), the Liquidating Agent of the above-captioned debtors ("Debtors"), for the entry of an order enforcing an asserted injunction set forth in the Debtors' Joint Liquidating Plan of Reorganization (the "Plan") against various taxing authorities (the "Motion") who are attempting to collect taxes from former officers or directors. The taxing authorities of Massachusetts, Connecticut and Michigan filed oppositions to the Motion on the grounds, *inter alia*, that the Plan provides for no such

---

[1] The Confirmation Order, defined herein, provides that the Debtors have been substantively consolidated.

1

injunction. I held a hearing and took the matter under advisement.[2]

II. Background

  The Debtors filed for relief under Chapter 11 on February 19, 2004. In January of 2005, I entered an order approving a settlement among the Debtors and two other entities (the "Settlement"). The Settlement provided, in part, that the Debtors would create a reserve for tax claims and would defend and pay for officers and directors to the extent that they were the subject of tax collection actions. During 2005, I entered various orders with respect to the Debtors' objections to tax claims.[3]

  In June of 2005, the Debtors filed the Plan. Article 10 of the Plan, *Exculpation/ Limitation of Liability*, in part, provides

> The Chapter 11 Fiduciaries shall neither have nor incur any liability to any Holder of any Claim or Interest for any Chapter 11 Acts or Omissions except willful misconduct or gross negligence as determined by a Final Order of the Bankruptcy Court. The foregoing parties shall be entitled to rely up on [sic] the advice of counsel with respect to their duties and responsibilities under this Plan.[4]

  On August 31, 2005, I held a confirmation hearing and entered the Order Confirming Joint Liquidating Plan of Reorganization (the "Confirmation Order"). Paragraph 29 of the Confirmation Order, *Permanent Injunction*, in part, provides:

---

  [2]Although prior to the hearing, Jalbert settled the objection of the Massachusetts Department of Revenue ("MDOR"), I permitted the MDOR to speak to the merits of the Motion at the hearing. After the hearing, Jalbert settled the objection of the State of Connecticut Department of Revenue Services which settlement I have approved.

  [3]The Plan provides that the tax claims that I had allowed would be paid in full.

  [4]Chapter 11 Fiduciaries are defined to include the directors and officers of the Debtors. Plan, Paragraph 1.16.

From and after the Confirmation Date, there shall be in place with regards to the Assets and any Claims, a permanent injunction to the same extent and with the same effect as the stay imposed by section 362 of the Bankruptcy Code and such permanent injunction will remain in effect until the Chapter 11 Cases are closed pursuant to section 350 of the Bankruptcy Code except as otherwise expressly provided in the Plan.

Paragraph 32 of the Confirmation Order provides:[5]

Any person or entity with Claims,[6] obligations, suits, judgments, damages, demands, debts, rights, or causes of action are permanently enjoined from the commencement or prosecution of such rights against the persons or entities released and/or exculpated pursuant to the Plan.  As of the Effective Date, the Debtors release, remise, forever discharge and covenant not to sue the Chapter 11 Fiduciaries for any and all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, claims, rights, damages, losses or liabilities of any nature whatsoever, both at law or in equity, whether known or unknown which arose at any time prior to the Effective Date or which thereafter could arise based upon any act, fact, transaction, cause, matter or thing which occurred prior to the Effective Date arising from or related to Chapter 11 Acts or Omissions.[7]

In the Motion, Jalbert asserts that certain taxing authorities are continuing to pursue the former officers of the Debtors to collect tax liabilities.  The alleged offending states are Connecticut, Kentucky, Maine, Massachusetts, Michigan and Vermont.[8]  Jalbert offers that the Settlement requires the Debtor to indemnify the officers and directors with respect to any tax claims.  He is bringing the Motion prior to final distribution in order to clarify what financial

---

[5]Paragraph 30 of the Confirmation Order, *Releases*, provides release provisions pertinent to the Debtor such as "upon the Confirmation Date, the Debtors shall be deemed released from any and all debts."

[6]Capitalized terms are defined in the Plan.

[7]Paragraph 37 of the Confirmation Order, *BVLP Settlement Agreement*, incorporates the Settlement into the Plan.

[8]Kentucky, Maine and Vermont did not file responses.

obligation he may have with respect to the indemnification.  In the *Relief Requested* section of

the Motion, Jalbert requests that I enforce the permanent injunction found in paragraph 29 of the

Confirmation Order and enjoin the tax authorities from pursuing any claims against those who

were released or exculpated pursuant to the Plan.

In support, Jalbert contends that I can issue such an injunction under 11 U.S.C. § 105 and

my decision in *In re Mahoney Hawkes, LLP*, 289 B.R 285, 300 (Bankr. D. Mass. 2002).  Jalbert

further argues that "[t]he injunction previously entered by the Court was appropriate because the

indemnification provision contained in the [Settlement] creates an identity of interests such that a

suit against a former officer, director or employee will deplete the assets of the estate."  Motion,

p. 6.  He lastly argues that any claim of taxing authorities has been paid in full based upon the

orders I entered after the various objections to claims.

The State of Michigan, Department of Treasury ("Michigan") responded that the orders

on the claims objections did not release any individuals who were responsible for the taxes.

Further, it posited that it is bound neither by the injunction nor by the Settlement because the

former did not extend to entities other than the Debtors and the latter did not release individuals

from their tax liabilities and was not served on Michigan.  Hence, it urges "two parties, whether

working at arms' length or in each others' pockets, cannot bind a third party."[9]  Michigan does

not assert that it had no notice of the Plan or the Confirmation Order.[10]

At the conclusion of the hearing, Michigan agreed that it would take no further action

---

[9]State of Michigan, Department of Treasury's Response in Opposition to Motion of
Liquidating Agent for Entry of an Order Enforcing Injunction Against Commencement of
Actions by Taxing Authorities Against Released Parties. Docket No. 2304, p.3.

[10]When Jalbert raised this point at the hearing, Michigan did not dissent.  *See* Trans, p. 9.

4

until I rendered this decision.  I then took the matter under advisement.

III.  <u>Analysis</u>

An order confirming a plan is binding on a taxing authority.  *In re Energy Resources Co., Inc.*, 59 B.R. 702, 707 (Bankr. D. Mass. 1986).  The issue in this case is whether the Confirmation Order or the Plan contains an injunction preventing the taxing authorities from pursuing the directors and officers.

Jalbert's first argument is that injunction found in paragraph 29 of the Confirmation Order serves to enjoin the taxing authorities.  There is nothing in the paragraph that extends that protection to parties other than the Debtors.  It only provides relief to the same effect and extent as that which is provided in 11 U.S.C. § 362.  That code section extends to the Debtors and not to related third parties.

Jalbert also argues that the taxing authorities are bound by the Plan and that section of it which enjoins them from pursuing claims against those persons who were released under the Plan.[11]  He claims that the "injunction previously entered by the Court was appropriate because the indemnification provision contained in the Settlement Agreement" meets the standards for imposing an injunction.  Under this argument, I am to link Paragraph 32 with Paragraph 37, incorporating the Settlement, and rule that the directors and officers are entitled to the benefits of an injunction.  The problem with this argument, however, is that the Settlement does not contain an injunction against the taxing authorities from pursuing their claims against the officers and

_____

[11]It appears that Jalbert is referring to Article 10 of the Plan and Paragraph 32 of the Confirmation Order which provide, in part, that any "person or entity with Claims . . . . are permanently enjoined from the commencement or prosecution of such rights against the persons or entities released and/or exculpated pursuant to the Plan."

directors.

Even if the Settlement could be construed to provide the officers and directors with injunctive relief, it would be unenforceable because, in this district, third parties may be protected by a plan injunction only if certain criteria are met. *Mahoney Hawkes*, 289 B.R. 297-98.[12] Indeed, in *Mahoney Hawkes*, I ruled that plan proponents must resoundingly demonstrate that they have met this test. 289 B.R. at 302-3. The Plan and belatedly, the Motion, do not remotely satisfy this standard.

Moreover, cobbling an injunction together from the Confirmation Order, the Plan and the Settlement, is insufficient to reach the level of notice and clarity necessary under Fed. R. Bankr. P. 2002(c)(3) and 3016. Those sections require that a proposed plan that contains an injunction not otherwise permitted, such as in 11 U.S.C. § 542, must describe the proposed injunction in conspicuous language with a description of the proposed relief including the parties to which it will attach. There is no comparable language with respect to the directors and officers in the Plan and Confirmation Order.[13]

Jalbert finesses his argument by asking that I now apply 11 U.S.C. § 105 and *Mahoney*

---

[12]In this decision, I sustained an objection to a disclosure statement, in part, because the proposed plan provided third parties with injunctive relief without meeting the five-part test set forth in *In re Master Mtg. Inv. Fund, Inc.*, 168 B.R. 930, 935 (Bankr. W.D. Mo. 1994). Those factors include a demonstration that there is an identity between the debtor and the third-party such that a suit against the third-party is a suit against the debtor; the third-party has contributed substantial assets to the reorganization, the injunction is essential; a substantial majority of creditors agree to the injunction; and the plan provides for payment of all or substantially all of the claims of those affected by the injunction. *Mahoney Hawkes*, 289 B.R.at 297-8.

[13] For this reason also, Jalbert could not prevail were he to argue that construing the Plan provision that exculpates Chapter 11 Fiduciaries, Article 10, along with that section of the Confirmation Order that enjoins actions against those who were released or exculpated in the Plan, Paragraph 32, provides the directors and officers with an injunction.

6

*Hawkes* to impose injunctive relief. This is problematic for a number of reasons. Section 105 provides me with a broad but not unlimited discretion to issue orders that are necessary or appropriate to carry out provisions of the Code. *See, e.g., In re G.S.F. Corp.*, 938 F.2d 1467, 1474 (1st Cir. 1991). Section 105 is not so broad that I can amend the Confirmation Order and Plan to create a third-party injunction which does not appear therein.

*Mahoney Hawkes* discusses whether a plan of reorganization can contain injunctive relief and releases for third parties. It does not provide an independent authority for injunctive relief or modification of a plan post-confirmation. Even if it were applicable, Jalbert only argues that one factor has been met and does not discuss the four remaining required elements.

There is no injunction available to the officers and directors in the Plan or Confirmation Order. To the extent that Jalbert seeks an injunction for these officers and directors, he cannot do so by motion. He must seek that relief via an adversary proceeding. Fed. R. Bankr. P. 7001.[14]

IV. Conclusion

For the reasons set forth herein, I will enter an order denying the Motion.

William C. Hillman
United States Bankruptcy Judge

Dated: February 13, 2007

---

[14]No longer having a controversy to decide, I need not address Jalbert's argument that the claims which Michigan seeks have been satisfied via the earlier objections to claims.

7